IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

DOCKET NO. 5:15CR57-RLV

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | **CONSENT ORDER FOR** |
| ) | **THIRD PARTY PETITION** |
| v. ) | |
| ) | |
| WAYNE VINCENT WILSON, ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER is before the Court by consent of the United States of America, by and through Jill Westmoreland Rose, United States Attorney for the Western District of North Carolina and Petitioner Branch Bank and Trust Company (Doc. 26), through counsel, pursuant to Fed. R. Crim. P. 32.2(c). The Government and Petitioner consent to this Consent Order for Third Party Petition as a final adjudication and settlement of all matters between Petitioner and the Government with regard to the following property identified in the Consent Order and Judgment of Forfeiture (Doc. 26) ("the Property"):

> The real property at 1232 Shiloh Church Road, Hickory, North Carolina, more particularly described as Parcel 0004375, Alexander County, North Carolina, and identified in a North Carolina General Warranty Deed recorded on November 25, 2002 at Alexander County Register of Deeds Book 442, Page 1812.

The parties have **STIPULATED AND AGREED** and the **COURT FINDS AS FOLLOWS:**

1. Petitioner has filed a Petition, signed under penalty of perjury, with supporting documentation, that indicates that the Property secures a loan by Petitioner to Defendant. Petitioner provides statements and documentation that Petitioner is owed $112,975.66 as a result of this secured loan. Petitioner has satisfied 21 U.S.C. § 853(n)(6).

2. By entering into this Consent Order, Petitioner agrees, upon the sale of the Property, to release and forever discharge its interest in the Property and release any deeds of trust or liens on the Property. In exchange for release of the interest, deeds of trust, and/or liens, the Government agrees, upon sale of the Property by the Government, to pay $112,975.66 of the net proceeds of the sale to Petitioner. For purposes of this Consent Order, the term, "net proceeds," shall mean any proceeds remaining after the Government has recovered the costs and expenses that the United States Marshals deemed appropriate and necessary, and incurred maintaining and liquidating the Property. In no event shall Petitioner be entitled to payment in excess of the amounts identified herein and in no event shall Petitioner be entitled to payment in excess of the net proceeds.

3. The payment to Petitioner shall be in full settlement and satisfaction of all claims by Petitioner to the Property, all claims arising from any note, the indebtedness for which is secured by the Property, and all claims against the United States resulting from the incidents or circumstances giving rise to this case.

4. Petitioner agrees not to pursue against the United States or its successors in interest any rights that it may have under the deed of trust on the Property, including,

but not limited to, the right to initiate foreclosure. Petitioner agrees and consents to any Government motion for final order of forfeiture of the Property. Petitioner understands and agrees that the United States reserves the right to terminate the forfeiture action at any time. Petitioner and the Government agree to execute further documents to convey clear title to the Property to the United States and implement this Consent Order, to the extent such action is necessary.

5. The Government and Petitioner waive any rights to further litigate between each other in this forfeiture action to the Property and agree that this Consent Order for Third Party Petition shall be in full settlement and satisfaction of all claims between Petitioner and the Government in this action to the Property and all claims between Petitioner and the Government resulting from the incidents or circumstances giving rise to the forfeiture of the Property.

6. Unless specifically directed by an order of the Court, Petitioner shall be excused and relieved from further participation in this action.

**IT IS THEREFORE ORDERED THAT:**

1. Based upon the stipulations of the parties herein that Petitioner satisfies one or more prongs of 21 U.S.C. § 853(n)(6), Petitioner is hereby ordered to, upon closing of sale of the Property by the Government, release and forever discharge any interest in, deeds of trust on, and/or liens on the Property and the Government is hereby ordered to, upon sale of the Property, disburse $112,975.66 from the net proceeds to

Petitioner. In no event shall the Government be obliged to pay Petitioner an amount in excess of the net proceeds of liquidation of the Property.

2. The Government and Petitioner shall bear their own costs, including attorneys' fees.

Signed this 26th day of August, 2016.

*signature*

HON. RICHARD L. VOORHEES
UNITED STATES DISTRICT JUDGE

ON MOTION OF AND
BY CONSENT OF THE PARTIES:

JILL WESTMORELAND ROSE
UNITED STATES ATTORNEY

_____  Dated: 8/23/16
Benjamin Bain-Creed
Assistant United States Attorney


_____  Dated: 8/16/2016
SUSAN S. HITE (Name)
SENIOR VICE PRESIDENT (Title), authorized signatory for Branch Bank and Trust Company


_____  Dated: 8-19-16
Morgan H. Rogers, Esq.
Parker Poe Adams & Bernstein LLP
Attorneys for Petitioner, Branch Bank and Trust Company