**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**CASE NO. 5:15-CR-00057-RLV-DCK-1**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) **ORDER** |
| WAYNE VINCENT WILSON, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |
| | ) |
| IN RE: PETITION OF MARIA L. LEE and | ) |
| JOSEPH H. LEE. | ) |
| | ) |

**THIS MATTER IS BEFORE THE COURT** on the Government's Motion to Dismiss (Doc. 33) Petitioners Maria L. Lee's and Joseph H. Lee's Third Party Claim Petition ("Claim Petition") (Doc. 24). In its Motion to Dismiss, the Government argues that the Claim Petition does not state what interest Maria L. Lee or Joseph H. Lee have in the forfeited real property and that the Claim Petition does not satisfy 18 U.S.C. §§ 853(n)(6)(A) or (n)(6)(B). (*See* Doc. 33). Pursuant to *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), this Court issued an order advising Claimants Maria L. Lee and Joseph H. Lee of their right to file a response to the Government's Motion to Dismiss and giving them until July 5, 2017 to respond. (Doc. 35). As of the date of this Order, no response was filed and the time to respond has elapsed.

Defendant Wayne Vincent Wilson pled guilty to two counts of health care fraud, in violation of 18 U.S.C. §§ 1347, 2. (Doc. 21 at 1). As part of his plea agreement, Wilson consented to the forfeiture of certain property identified in the Bill of Information, (Doc. 1 at 5, Doc. 2 at 3), and this Court entered consent orders and judgments of forfeiture regarding real property, a

1

medical office, at 1232 Shiloh Church Road, Hickory, NC 28601 and regarding $210,260.00 in proceeds related to the offenses of conviction (Docs. 19, 20). Petitioners Maria L. Lee and Joseph H. Lee filed a *pro se* claim petition and letter, arguably alleging an interest in the property at 1232 Shiloh Church Road, Hickory, NC 28601. (Docs. 24, 24-1). The Government has moved to dismiss the Lees' claim petition on the ground that the claim petition fails to plead an interest in the property for purposes of an ancillary forfeiture proceeding. (Doc. 33 at 2-3).

Federal Rule of Criminal Procedure 32.2 governs criminal forfeiture and sets out the procedures the Government and the Court must follow before the Court may enter a final order of forfeiture. *See United States v. Oregon*, 671 F.3d 484, 487-88 (4th Cir. 2012). Where a court enters a preliminary order of forfeiture, "any third party who claims an interest in the property to be forfeited may file a petition with the district court contesting the forfeiture." *Id.* at 488 (citing Fed. R. Crim. P. 32.2(c)(1)). If a third party comes forward and files a claim petition, a court must conduct an ancillary forfeiture proceeding. *Id.* The first step in an ancillary forfeiture proceeding is for a court to "consider any motion by the United States to dismiss the petition for lack of standing before moving to the merits of the petition." *Id.* (citing Fed. R. Crim. P. 32.2(c)(1)(A), (B)).

Section 853 of Title 21 of the United States Code establishes the elements a claim petitioner must establish for purposes of an ancillary forfeiture proceeding:

> (A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or

2

(B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section;

21 U.S.C. § 853(n)(6)(A)-(B). The claim petition filed by Maria L. Lee and Joseph H. Lee provides no indication as to the Lees' relation or connection to the property at 1232 Shiloh Church Road, Hickory, NC 28601. (Doc. 24). In fact, beyond providing their contact information and identifying the real property at issue, the claim petition is devoid of any information. *See id.* Furthermore, it appears from the Lees' letter attached to their claim petition that the Lees are interested in purchasing the property at issue, rather than that they are alleging any pre-forfeiture interest in the real property. (*See* Doc. 24-1 ("I would like to submit an application for interested property as the third party whom under your court Jurisdiction. *If the property will be available, please contact us*." (emphasis added)). In any event, the documents submitted by the Lees, if properly and liberally construed as a claim petition, fail to allege facts satisfying either clause of 21 U.S.C. § 853(n)(6). Therefore, the Government's Motion to Dismiss (Doc. 33) is **GRANTED** and the Claim Petition of Maria L. Lee and Joseph H. Lee (Doc. 24) is **DISMISSED**.

**SO ORDERED.**

Signed: August 1, 2017

Richard L. Voorhees
United States District Judge