IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

DOCKET NO. 5:15cr57-RLV

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | FINAL ORDER |
| v. ) | AND JUDGMENT CONFIRMING |
| ) | FORFEITURE |
| WAYNE VINCENT WILSON ) | |

THIS MATTER is before the Court on the United States Motion for Final Order and Judgment Confirming Forfeiture. The United States requests, pursuant to Fed. R. Crim. P. 32.2(c)(2), that this Court enter a Final Order and Judgment confirming forfeiture of the following real property (hereafter, "the Property") identified in the Consent Order and Judgment of Forfeiture (Doc. 19) in this case:

> **The real property at 1232 Shiloh Church Road, Hickory, North Carolina, more particularly described as Parcel 0004375, Alexander County, North Carolina, and identified in a North Carolina General Warranty Deed recorded on November 25, 2002 at Alexander County Register of Deeds Book 442, Page 1812.**

For good cause shown and for the reasons set forth herein, this Court will GRANT the Motion. In support of granting the Motion, this Court FINDS AS FOLLOWS:

**I.     Background**

On May 2, 2016, this Court entered the Consent Order for the Property based upon the Defendant's plea of guilty to charges related to a health care fraud scheme. Further, as set forth in the Consent Order, Defendant's wife, Elizabeth Wilson, waived any and all interest in and any and all right to file a petition alleging an interest in the Property. Consent Order (Doc. 19) at Page 2. Following sentencing, this Court entered a Judgment in a Criminal Case (Doc. 21), ordering

1

forfeiture in accord with the Consent Order and Judgment of Forfeiture.

The record reflects that, from July 8, 2016 through August 6, 2016, the United States published (Doc. 27), via www.forfeiture.gov, notice of this forfeiture and of the intent of the Government to dispose of the Property according to law, and further notice to all third parties of their rights to petition the Court within sixty days from August 6, 2016, for a hearing to adjudicate the validity of any alleged legal interest in the Property. Apparently based on this notice by publication, Petitioners Maria L. Lee and Joseph H. Lee filed a Petition (Doc. 29) for the Property. This Court ultimately dismissed (Doc. 36) that Petition.

As to direct notice, on July 8, 2016 the United States sent direct notice of the Consent Order and Judgment of Forfeiture, via the United States Postal Service (USPS) Certified Mail, Return Receipt Requested, to the Catawba County Tax collector, BB&T Collateral Service Corporation, and BB&T (Doc. 32), all entities that reasonably appeared to be potential claimants. Said notice was in fact delivered on July 11 and July 12, 2016, as evidenced by USPS tracking documentation on the record (Doc. 32-1) in this case. Only BB&T filed a petition and this Court resolved the BB&T interest in a Consent Order for Third Party Petition (Doc. 29).

**II.     Legal Analysis**

Pursuant to Rule 32.2(c)(2), "[w]hen the ancillary proceeding ends, the court must enter a final order of forfeiture by amending the preliminary order as necessary to account for any third-party rights." Here, Defendant's wife, the only individual other than Defendant on title to the Property, waiver her interest. Then, only the Lees filed a Petition and this Court dismissed their Petition. In addition, the Government and BB&T settled BB&T's interest in a Consent Order for Third Party Petition. Finally, no other individuals or entities have filed petitions and the time for doing so has expired. Therefore, issuance of the request Final Order is appropriate to give the

Government clear title to the Property for disposition in accordance with law.

It is, therefore, ORDERED:

In accordance with Rule 32.2(c)(2), the Consent Order and Judgment of Forfeiture is confirmed as final. Thus, subject to recognition of the interest set forth in the Consent Order for Third Party Petition (Doc. 29), all right, title, and interest in the following property, whether real, personal, or mixed, has therefore been forfeited to the United States for disposition according to law pursuant to Fed. R. Crim. P. 32.2, 18 U.S.C. § 982, and/or 28 U.S.C. § 2461(c), and the United States shall have clear title to the property and may warrant good title as set forth in 21 U.S.C. § 853(n)(7):

> **The real property at 1232 Shiloh Church Road, Hickory, North Carolina, more particularly described as Parcel 0004375, Alexander County, North Carolina, and identified in a North Carolina General Warranty Deed recorded on November 25, 2002 at Alexander County Register of Deeds Book 442, Page 1812.**

SO ORDERED.

Signed: November 7, 2017

Richard L. Voorhees
United States District Judge